UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH HENARD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>    Defendants. | Case No. 5:17-cv-01222-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Plaintiffs Joseph Henard and Neidin Henard ("Plaintiffs")[1] allege in this action that Defendants HSBC Bank N.A., Ocwen Loan Servicing LLC, and Western Progressive LLC ("WP") are improperly attempting to foreclose on real property.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Presently before the court is Defendants' Motion to Dismiss. Dkt. No. 25. Plaintiffs oppose the motion. This matter is suitable for decision without oral argument, and the hearing scheduled for November 2, 2017, will be vacated. Civ. L.R. 7-1(b).

The court's review of the pleadings reveals the instant causes of action are deficient in various ways. Thus, Defendants' Motion to Dismiss will be granted for the reasons explained below.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege that on or around December 21, 2005, they executed a Deed of Trust ("DOT") in favor of Option One Mortgage Corporation in order to purchase real property located

---

[1] Because they share a common surname, the court will refer to Plaintiffs separately as Joseph and Neidin to avoid confusion. The court means no disrespect.

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

on Branciforte Avenue in Santa Cruz, California. FAC, at ¶¶ 2, 10, 12. On December 29, 2011, Option One assigned its interest in the DOT to HSBC "as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-OP1 Asset-Backed Pass Through Certificates." Id. at ¶ 13.

WP, as trustee for the DOT, recorded a Notice of Default against the Branciforte Avenue property on August 26, 2016. Id. at ¶ 14. WP then recorded a Notice of Trustee's Sale on December 15, 2016, and scheduled the sale for January 27, 2017. Id. at ¶ 15.

Plaintiffs initiated this action in Santa Cruz County Superior Court on January 26, 2017, one day prior to the trustee's sale. They filed the First Amended Complaint ("FAC") on May 2, 2017, and assert the following causes of action against all defendants: (1) wrongful foreclosure, (2) violation of California Civil Code § 2924(a)(6), (3) breach of the implied covenant of good faith and fair dealing, (4) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq., (5) declaratory relief, and (6) cancellation of written instruments. This motion followed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop.

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### B. Leave to Amend

If a motion to dismiss is granted, the court must determine whether to permit the plaintiff an opportunity amend the pleading. Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). Leave to amend may also be denied for "failure to cure deficiencies by amendments previously allowed." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

### A. Standing

The court must first assure that Neidin has standing to participate in this action as a plaintiff, even though Defendants relegate the issue to a footnote in their motion to dismiss. See B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing."). She does not.

Generally, the inquiry critical to determining the existence of standing under Article III of the Constitution is "'whether the litigant is entitled to have the court decide the merits of the

1   dispute or of particular issues.'" Allen v. Wright, 468 U.S. 737, 750-51 (1984) (quoting Warth v.
2   Seldin, 422 U.S. 490, 498 (1975)).  Three basic elements must be satisfied: (1) an "injury in fact,"
3   which is neither conjectural or hypothetical, (2) causation, such that a causal connection between
4   the alleged injury and offensive conduct is established, and (3) redressability, or a likelihood that
5   the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555,
6   560-61 (1992).  A plaintiff must at the pleading stage "clearly . . . allege facts" demonstrating each
7   of these elements. Warth, 422 U.S. at 518.

8         Here, the FAC suggests Defendants' alleged conduct caused identical injuries to Joseph
9   and Neidin and, in turn, also suggests identical bases for standing based on those "injuries in fact."
10  To that end, Plaintiffs allege they both executed the DOT, and that Defendants caused Plaintiffs
11  "to lose either all or a substantial part of the equity they would have created in" the Branciforte
12  property. FAC, at ¶¶ 10, 31.  But these allegations, at least as they involve Neidin, directly
13  contradict judicially-noticeable documents.[2]  Indeed, the DOT reveals that only Joseph was named
14  as trustor in the DOT, and that only Joseph signed the DOT and accompanying note.  Req. for
15  Judicial Notice, Exs. A, B.  In addition, a grant deed recorded on December 9, 2005, shows that
16  Neidin actually disclaimed any interest in the Branciforte property by granting all interest to
17  Joseph as his sole and separate property. Id. at Ex. C.  The court, therefore, need not accept as true
18  the allegations that Neidin was a party to the DOT, or accept that Neidin lost equity in a property
19  which she does not own. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.
20  2001) (providing that for a Rule 12(b)(6) motion, the court need not accept as true "allegations
21  that contradict matters properly subject to judicial notice or by exhibit," or allegations that are
22  "conclusory, unwarranted deductions of fact, or unreasonable inferences").

---

[2] The Request for Judicial Notice (Dkt. No. 26) is GRANTED. See Fed. R. Evid. 201(b) (providing that the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record"); see also United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

Without facts demonstrating a valid interest in the DOT or the Branciforte property, Neidin cannot satisfy her obligation to clearly allege an injury in fact. She cannot assert the causes of action "on the contract" or those that can only be asserted by a borrower, including violation of Civil Code § 2924(a)(6),[3] violation of the covenant of good faith and fair dealing, and declaratory relief, because she was not a signatory to the DOT or the note. See Hatchwell v. Blue Shield, 198 Cal. App. 3d 1027, 1033 (1988) ("Someone who is not a party to the contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party."); see also Sutherland v. Barclays American/Mortgage Corp., 53 Cal. App. 4th 299, 314 (1997) (providing that the covenant of good faith and fair dealing "imposes a duty upon a *party* to a contract not to deprive *the other party* of the benefits of the contract"). Similarly, Neidin cannot assert causes of action for wrongful foreclosure or cancellation of written instruments in the absence of an ownership interest in the Branciforte property. See Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, (2011), disapproved on other grounds, Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 939 n. 13 (2016) ("Yvanova") ("[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests."); see also Thompson v. Ioane, 11 Cal. App. 5th 1180, 1194 (2017) (holding that absent an interest in the property, a party could not allege the "reasonable apprehension" required for a cancellation of written instruments claim). Furthermore, Neidin cannot show UCL injury. See Hall v. Time Inc., 158 Cal. App. 4th 847, 852 (2008) (holding that a plaintiff has standing under the UCL "only if he or she (1) 'has suffered injury in fact,' and (2) 'has lost money or property as a result of the unfair competition'").

In sum, the FAC does not establish Neidin's standing to assert any causes of action based on the DOT or the Branciforte property. And though Defendants addressed Neidin's standing in their prior motion to dismiss and again in the instant motion, Plaintiffs did not attempt to plead

---

[3] The court assumes solely for this standing discussion that a private right of action for violations of § 2924(a)(6) is theoretically permissible, though it will find otherwise in a subsequent portion of this order.

different or additional facts in the FAC and failed to address the issue in their opposition. Nor does the court perceive any possible way for Neidin to resolve the standing problem in her favor in any event, given the state of the documents governing the purchase of the Branciforte property. As such, Neidin's causes of action will be dismissed without leave to amend because permitting further amendment would be futile.

### B. Wrongful Foreclosure

Defendants' challenges to the wrongful foreclosure cause of action are many, but only one argument need be examined at this time because its raises a jurisdictional question: ripeness. That doctrine "precludes federal courts from exercising their jurisdiction over an action that is filed before a real dispute exists between the parties," and goes to the court's subject matter jurisdiction to hear a case. Hawaii Newspaper Agency v. Bronster, 103 F.3d 742, 746 (9th Cir. 1996); see also Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) ("[R]ipeness is peculiarly a question of timing . . . designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.").

To plead a tortious wrongful foreclosure under California law, a plaintiff must allege:

> (1) the trustee or mortgagee *caused an illegal, fraudulent, or willfully oppressive sale* of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (emphasis added); accord In re Mortg. Elec. Registration Sys., Inc., 754 F.3d 772, 784-85 (9th Cir. 2014).

As the first element demonstrates, a wrongful foreclosure claim contains a self-evident ripeness requirement, such that a homeowner cannot assert the claim prior to a completed trustee's sale. See Foster v. SCME Mortg. Bankers, Inc., No. 2:10-00518-WBS-GGH, 2010 WL 1408108, at *4 (E.D. Cal. Apr. 7, 2010) ("Because plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."); see also Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009) ("[A] purported wrongful foreclosure claim is premature

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
6

[when] there has been no foreclosure of the property."); see also Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 814 (2016) (explaining that California courts do not permit preemptive wrongful foreclosure suits).

Here, Plaintiffs allege - and judicially-noticeable documents establish - that WP recorded two documents against the Branciforte property: a Notice of Default on August 26, 2016, and a Notice of Trustee's Sale on December 15, 2016. The trustee's sale was scheduled for January 27, 2017, but Plaintiffs do not allege the sale actually occurred even though they filed the FAC approximately three months later, on May 2, 2017. And the FAC was filed after Defendants had already moved to dismiss the wrongful foreclosure cause of action as unripe, making the same argument they present now.

Plaintiffs' opposition does not clarify that the Branciforte property was sold, nor does it provide any other facts relevant to the present disposition of the property. Instead, Plaintiffs cite to cases remanded by the California Supreme Court after its decision in Yvanova and simply argue that Yvanova now bestows standing on borrowers to challenge void assignments before a completed foreclosure. Nonsense. Little can be gleaned from the California Supreme Court's one-line remand orders, and such a perfunctory matter certainly cannot effectively modify a specific ruling. Moreover, Plaintiffs have not identified any case demonstrating that the Yvanova Court's limited holding - in which it specifically declined to "address the distinct question of whether, or under what circumstances, a borrower may bring an action for injunctive or declaratory relief to prevent a foreclosure sale from going forward" - was extended to apply in the pre-foreclosure context. 62 Cal. 4th at 934. In fact, at least two of the cases referenced by Plaintiffs were re-decided on remand by distinguishing, rather than applying, Yvanova. See Keshtgar v. U.S. Bank, N.A., No. B246193, 2016 WL 4185750, at *3 (Cal. Ct. App. 2016); see also Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal. App. 5th 802, 810-11 (2016). In short, Plaintiffs' reliance on Yvanova is misplaced.

The wrongful foreclosure cause of action must be dismissed. Because Plaintiffs already amended their complaint once with notice of this argument, and because disposition of the

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
7

property is a basic fact that could have been easily alleged, the court finds that allowing for further amendment would be futile. The wrongful foreclosure cause of action will be dismissed without prejudice, but without leave to amend. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 508 (9th Cir. 1990) (holding that claims dismissed on ripeness grounds should be dismissed without prejudice for lack of jurisdiction).

### C.    Violation of Civil Code § 2924(a)(6)[4]

Civil Code § 2924(a)(6) specifies:

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

Plaintiffs allege Defendants violated § 2924(a)(6) when WP recorded the Notice of Trustee's Sale in December, 2016, because neither HSBC nor Ocwen are the holders of the beneficial interest under the DOT. FAC, at ¶ 88, 89. They also allege that as a "direct and proximate result" of Defendants' violation of § 2924(a)(6), "Plaintiffs have suffered, and continue[] to suffer, statutory, general and special damages in an amount to be determined at trial, but not less than $5,000,000." Id. at ¶ 93.

No matter the allegations, this cause of action is problematic. Though the California Homeowner's Bill of Rights "states several specific provisions where a homeowner is granted a private right of action to sue for monetary damages," § 2924(a)(6) "is not included." Zeppeiro v. Green Tree Servicing, LLC, 679 Fed. App'x 592, 593 (9th Cir. 2017) (citing Cal. Civ. Code § 2924.12(b)). On that basis, the court finds Plaintiffs cannot pursue this claim. Plaintiffs do not

---

[4] In the FAC, Plaintiffs variously labeled this cause of action as created by the California Code of Civil Procedure. The court presumes, however, that Plaintiffs meant to reference the California Civil Code in all portions of the FAC.

argue otherwise.

Since the legal bar to asserting this cause of action is insurmountable, amendment would be futile. It will therefore be dismissed without leave to amend.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

In California, a covenant of good faith and fair dealing is implied in every contract. Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371-72 (1992). Its purpose is to ensure that "'neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (quoting Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958)). "[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

Plaintiffs allege Defendants breached the implied covenant of good faith and fair dealing by "denying the Plaintiffs the benefits of the loan contract which set the Plaintiffs up for certain default and by attempting to collect on the Plaintiffs' Loan without any standing or authority to do so." FAC, at ¶ 97. This statement does not plead a plausible claim against any defendant.

As to WP and Ocwen, Joseph's cause of action suffers from the same deficiency as Neidin's cause of action against all of the defendants. Without identifying a contract between Joseph, on the one hand, and WP and Ocwen, on the other, Joseph has not pled the foundational element of an implied covenant claim against those defendants. See Sutherland, 53 Cal. App. 4th at 314. On that basis, the cause of action must be dismissed to the extent it is asserted against WP and Ocwen.

As to HSBC, the FAC is missing important details. Assuming the cause of action is based on the DOT, Plaintiffs have not satisfied the second element by alleging they fulfilled their

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
9

payment obligations under the contract.  Such an allegation is particularly important here, since the Notice of Default specifies that Joseph had a payment arrearage of $49,673.29 as of September 2, 2016.  Req. for Judicial Notice, at Ex. G.  Furthermore, Plaintiffs do not indicate how HSBC purportedly interfered with their rights under the DOT by explaining what it means to "set up" a default, or state what benefits of the contract were deprived by this alleged conduct.  All of these basic factual allegations are necessary to state a claim against HSBC which satisfies all of the elements of an implied covenant cause of action.

Moreover, this cause of action suffers from a logical contradiction.  The FAC is based on a theory that HSBC did not obtain a beneficial interest in the DOT because the assignment of that document from the original lender was improper.  For this cause of action, Plaintiffs take that theory a step further by alleging "the loan was void ab initio." FAC, at ¶ 96.  But if Plaintiffs' reference to "ab initio" means they believe the DOT was unenforceable from its inception, they cannot also plead the existence of a contractual relationship with HSBC in order to satisfy the first element of a claim for breach of the implied covenant of good faith and fair dealing.  See LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co., 156 Cal. App. 4th 1259, 1266 (2007) ("When a [contract] is void ab initio, it is 'as though it had never existed.'"); see also A-Mark Coin Co. v. Gen. Mills, Inc., 148 Cal. App. 3d 312, 322 (1983) ("No rights are enforceable under a void contract."); see also Yvanova, 62 Cal. 4th at 929.  Though it is sometimes permissible to plead inconsistent facts, these allegations cannot be reconciled under the same claim.

The cause of action for breach of the covenant of good faith and fair dealing will be dismissed with leave to amend.

### E. Declaratory Relief

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, such relief is limited by the express terms of the statute to cases "of actual controversy." 28 U.S.C. 2201(a); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937).  Thus, the dispute must "admi[t] of

specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

Here, Plaintiffs seek a declaration defining the rights of the parties "regarding Plaintiffs' DOT/Note and the Defendants' standing and capacity to enforce any provisions within said Note." FAC, at ¶ 111. This controversy stems from Plaintiffs' allegations of "improper" securitization of the DOT and note. They allege that neither HSBC nor Ocwen can enforce the DOT's provisions because there is not a clear chain of title for the DOT and note. Id. at ¶ 30. They also allege DOT and note have been separated. Id.

No claim for declaratory relief arises based on these statements for several reasons. First, the conclusory allegations regarding the status of the DOT and the note, made only on information and belief and without any supporting facts, cannot be accepted as true under the Rule 8 pleading standard. See Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (reciting that "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and that "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

Second, the allegations contradict a document subject to judicial notice, namely the Pooling and Servicing Agreement ("PSA") governing the securitized trust to which Plaintiffs' acknowledge the DOT and note were transferred. FAC, at ¶ 13. Contrary to Plaintiffs' implication that the DOT and note were separated prior to or at transfer to the trust, the PSA provides that "[i]n connection with such transfer and assignment, the Depositor does hereby deliver to, and deposit with the Custodian . . . the documents with respect to each Mortgage Loan . . . ." Req. for Judicial Notice, Ex. D.

Third, Plaintiffs' contention that Defendants must prove to them a "complete and unbroken

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
11

chain" of endorsements or transfers to enforce the DOT and note is contradicted by the terms of the DOT and legally unsupportable in any event. Paragraph 19 of the DOT plainly states that "[t]he Note or partial interest in the Note . . . can be sold one or more times without prior notice to Borrower." Id. at Ex. A. California law concurs, since "[a] promissory note is a negotiable instrument the lender may sell without notice to the borrower." Yvanova, 62 Cal. 4th at 927. Consequently, a reassignment need not be recorded (Calvo v. HSBC Bank USA, N.A., 199 Cal. App. 4th 118, 122 (2011) (holding the "statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust")), and "a borrower can generally raise no objection to assignment of the note and deed of trust." Yvanova, 62 Cal. 4th at 927. Moreover, there is no basis to allege separation of the DOT from the note as a matter of law, and nothing for the court to declare in that regard. Id. at 927 ("The deed of trust . . . is inseparable from the note it secures, and follows it even without a separate assignment.")

Fourth, Plaintiffs' allegations appear to echo the oft-rejected "produce the note" challenge to non-judicial foreclosure. "[D]istrict courts in California have consistently rejected the contention that the foreclosure process is invalid if the trustee does not possess the original promissory note." Sepehry-Fard v. Aurora Bank FSB, No. 5:12-cv-00871 EJD, 2013 WL 597788, at *3 (N.D. Cal. Jan. 28, 2013), aff'd, 588 Fed. App'x 683 (9th Cir. 2014).

The cause of action for declaratory relief is not plausible as pled and will be dismissed with leave to amend.

### F. Cancellation of Written Instruments

An equitable cause of action for cancellation may be pursued on "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
12

loss or the prejudicial alteration of one's position." U.S. Bank Nat'l Ass'n v. Naifeh, 1 Cal. App. 5th 767, 774 (2016).

Plaintiffs have not stated a cause of action for cancellation because they have not plausibly alleged a basis to avoid the DOT and note. See Saterbak, 245 Cal. App. 4th at 818 (holding that state a cause of action for cancellation, the borrower must allege an assignment was void or voidable against the borrower). Plaintiffs allege Defendants lack the ability to foreclose because the loan documents were transferred to HSBC after the closing date of the PSA. Even assuming that allegation is true, Plaintiffs do not also convincingly allege or argue how the late transfer of already-existing contracts invalidates them, how it permits Plaintiffs a reason to void them, or how it undermines HSBC's ability to foreclose. It is now reasonably settled in California that such an error would only render the assignment voidable as between HCBC and its predecessor, not at the behest of *Plaintiffs*. Id. at 814.

In addition, Plaintiffs have not plausibly alleged "serious injury." Addressing allegations similar to those presented here, a California Court of Appeal held that "even if the assignment were invalid, it could not 'cause serious inury' under [§ 3412] because [the borrower's] obligations on the Note remained unchanged." Id. at 819. The court finds this holding and the reasoning on which it rests persuasive and applies it as another reason for dismissal of this cause of action.

For these reasons, the cause of action for cancellation of written instruments will be dismissed with leave to amend.

**G.    UCL**

The UCL proscribes three varieties of competition: "acts or practices which are unlawful, or unfair, or fraudulent." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19 (1993). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable

to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. See id. at 180; see also McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1471 (2006). The UCL "borrows" violations of other laws and treats them as unfair business practices under the unlawful prong, and also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cal-Tech, 20 Cal. 4th at 180.

In support of their UCL cause of action, Plaintiffs allege that Defendants engaged in "deceptive business practices" by "marketing and funding a predatory loan that obligated Plaintiffs to make payments well beyond what the Plaintiffs could afford," "by attempting to collect on a debt that was void and a debt in which they had no beneficial interest to collect on," and by "recommending, offering, marketing, accepting, purchasing and or collecting on a debt/mortgage that they each knew or should have known was void due to the illegal nature of the contract that would inevitably cause default before completion of the loan term." FAC, at ¶¶ 101, 102.

These allegations fail under any prong of the UCL. Some are perplexing when compared to the FAC as a whole; there are no factual allegations anywhere else in the FAC to support a predatory loan theory, and Plaintiffs could not assert that theory against Defendants as a matter of fact since none of them were the original lender. The other allegations do not make out a violation of law or a fraudulent or unfair business practice because, for reasons already explained, Plaintiffs have not plausibly alleged that Defendants' are unable to foreclose.

The UCL cause of action will be dismissed with leave to amend.

**IV. ORDER**

Based on the foregoing:

1. All causes of action asserted by Neidin in the FAC are DISMISSED WITHOUT LEAVE TO AMEND;

2. Joseph's cause of action for wrongful foreclosure is DISMISSED WITHOUT

Case No.: 5:17-cv-01222-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
14

PREJUDICE, but WITHOUT LEAVE TO AMEND;

    3. Joseph's cause of action for violation of California Civil Code § 2924(a)(6) is DISMISSED WITHOUT LEAVE TO AMEND; and

    4. Joseph's causes of action for breach of the covenant of good faith and fair dealing, violation of the UCL, declaratory relief and cancellation of written instruments are each DISMISSED WITH LEAVE TO AMEND.

The hearing scheduled for November 2, 2017, is VACATED. Any amended complaint must be filed on or before **November 15, 2017**. Plaintiffs are advised that, though leave to amend certain causes of action has been permitted, they may not add new claims or new parties without first obtaining the consent of defendants or leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiffs are also advised that failure to file a timely amended complaint may result in dismissal of this action.

The motion to appear telephonically (Dkt. No. 40) is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 25, 2017

EDWARD J. DAVILA
United States District Judge